*Mendoza-Aucacama v. Bondi*

BIA
McKee, IJ
A220 197 208/209/210/211

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of March, two thousand twenty-six.

PRESENT:
> JOSÉ A. CABRANES,
> RICHARD J. SULLIVAN,
> JOSEPH F. BIANCO,
> *Circuit Judges.*

_____

DANIEL SANTIAGO MENDOZA-AUCACAMA, MARIA ELENA CANDO-TENEZACA, J.I.M-C, D.Y.M-C,
> *Petitioners,*

v.

PAMELA BONDI, UNITED STATES ATTORNEY GENERAL,
> *Respondent.**

24-62
NAC

_____

\* The Clerk of Court is respectfully directed to amend the caption as set forth above.

_____

FOR PETITIONERS:                    Michael Borja, Borja Law Firm, P.C., Jackson
                                    Heights, NY.

FOR RESPONDENT:                     Brian M. Boynton, Principal Deputy Assistant
                                    Attorney General; Jonathan A. Robbins,
                                    Assistant Director; Zoe J. Heller, Senior
                                    Litigation Counsel, Office of Immigration
                                    Litigation, United States Department of
                                    Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of

Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND

DECREED that the petition for review is DENIED.

Petitioners Daniel Santiago Mendoza-Aucacama, Maria Elena Cando-

Tenezaca, and their minor children, natives and citizens of Ecuador, seek review

of a December 6, 2023 decision of the BIA, affirming an April 26, 2022 decision of

an Immigration Judge ("IJ"), which denied their applications for asylum,

withholding of removal, and relief under the Convention Against Torture

("CAT").   *In re Daniel Santiago Mendoza-Aucacama, et al.*, Nos. A220 197

208/209/210/211 (B.I.A. Dec. 6, 2023), *aff'g* Nos. A220 197 208/209/210/211 (Immig.

Ct. N.Y.C. Apr. 26, 2022).   We assume the parties' familiarity with the underlying

facts and procedural history.

2

We have reviewed the IJ's decision as modified by the BIA, i.e., minus the findings the BIA did not reach. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005). We review the agency's factual findings for substantial evidence and questions of law *de novo*. *See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

"We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." *Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) (quotation marks omitted); *see also* Fed. R. App. P. 28(a)(8)(A) (providing that "the argument" in an appellant's brief "must contain . . . appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies"). Petitioners' brief restates their claims for asylum and withholding of removal without identifying legal or factual errors in the agency's decisions or citing to the record. As to CAT, Petitioners argue, without support and contrary to the agency's regulations, that the agency applied an incorrect standard, but they do not challenge the agency's dispositive basis for denying CAT relief—their failure to establish a likelihood of torture. For these

3

reasons, they have abandoned review of all forms of relief. *See Debique*, 58 F.4th at 684–85 (finding petitioner abandoned any arguments by failing to "state the issue *and* advance an argument" (internal quotation marks omitted)); *Aucacama-Azogue v. Bondi*, No. 23-7165, 2025 WL 2078445, at *3 (2d Cir. July 24, 2025) (summary order) (noting that Petitioners' attorney, Mr. Borja, has repeatedly argued, "contrary to the language of the regulations, that the agency erred in requiring government involvement or acquiescence to state a CAT claim").

Even assuming that Petitioners preserved their claims, the agency did not err. An applicant for asylum and withholding of removal has the burden to demonstrate past persecution or a well-founded fear (asylum) or likelihood (withholding) of future persecution "on account of race, religion, nationality, membership in a particular social group, or political opinion" inflicted by either the government or by private parties that the government is "unable or unwilling to control." *Pan v. Holder*, 777 F.3d 540, 543 (2d Cir. 2015) (internal quotation marks omitted); *see also* 8 U.S.C. §§ 1101(a)(42), 1158(b)(1)(B)(i), 1231(b)(3)(A). "A protected ground cannot be incidental or tangential to another reason for harm." *Quituizaca v. Garland*, 52 F.4th 103, 114–15 (2d Cir. 2022). The agency was not compelled to conclude that Petitioners' indigenous ethnicity was one central reason that Mendoza-Aucacama was targeted because the circumstances

4

suggested that gang members were motivated by ordinary criminal incentives of extortion. *Id*.

As explained above, Petitioners' counsel, Michael Borja fails to sufficiently address dispositive issues in the brief. Further, the brief makes factual allegations that are not supported by the record, such as asserting that the entire family was assaulted multiple times and that the IJ found their asylum claim abandoned. Counsel also argues that withholding of removal has a less-stringent nexus requirement than asylum and that CAT relief does not require government acquiescence where the feared torture is from private actors. These are arguments that he has made in other cases and which we have repeatedly rejected. *See, e.g.*, *Acero-Guaman v. Garland*, No. 21-6606, 2024 WL 1734054, at *1 (2d Cir. Apr. 23, 2024) (summary order); *Sinchi-Montalvan v. Garland*, No. 22-6400, 2024 WL 4690813, at *2 (2d Cir. Nov. 6, 2024) (summary order); *Guerrero-Andachz v. Bondi*, No. 23-7943, 2025 WL 2810831, at *2 n.5 (2d Cir. Sept. 30, 2025) (summary order).

For the foregoing reasons, the petition for review is DENIED. A copy of this order will be forwarded to this Court's Grievance Panel. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

5